IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02454-BNB

OLIVER RAY SLEDGE,

Applicant,

v.

J. M. WILNER, Warden, FCI-Florence,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 25 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Oliver Ray Sledge is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Correctional Institution in Florence, Colorado. Mr. Sledge initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On October 29, 2009, Mr. Sledge filed an amended habeas corpus application on the proper form. The Court must construe the amended application liberally because Mr. Sledge is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Sledge is challenging the BOP's refusal to reduce his current prison sentence by 284 days based on a sentence reduction credit he allegedly earned, but did not receive, during a prior term of incarceration. Mr. Sledge contends that he successfully completed the BOP's Residential Drug Abuse Program in 1996 during a

prior term of incarceration in federal prison and that, based upon his successful completion of the drug abuse treatment program, he was granted a one-year sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). Section 3621(e)(2)(B) provides that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."

Mr. Sledge asserts that, despite being promised and awarded a one-year sentence reduction, he did not reap the full benefit of that sentence reduction because his release was delayed by litigation with the BOP regarding his eligibility for the sentence reduction. He specifically asserts that "[t]he wrongful actions taken by the BOP to 'Play' with Mr. Sledge's eligibility status were 'Unreasonable,' 'Arbitrary,' 'Capricious' and an 'Abuse' of the BOP's disceation [sic]." (Am. Application for a Writ of Habeas Corpus at 2.) Mr. Sledge maintains that he actually received a sentence reduction of only eighty-one days when he was released in 2001. Following his conviction for a new offense in 2007, Mr. Sledge was returned to federal prison where he currently is serving his sentence for the 2007 conviction. As noted above, Mr. Sledge seeks to have his current sentence for the 2007 conviction reduced by 284 days, the balance of the one-year sentence reduction that he allegedly earned but did not receive during his prior term of incarceration.

Mr. Sledge asserts one claim for relief in the amended application arguing that the BOP has abused its discretion under § 3621(e)(2)(B) by refusing to credit his current sentence with the unused portion of the sentence reduction he earned during

2

his prior term of incarceration. He specifically argues that the unused portion of the sentence reduction he earned during his prior term of imprisonment should carry-over to his new sentence because the BOP currently is requiring him to pay restitution in connection with his prior conviction and sentence. However, Mr. Sledge fails to provide the Court with any statutory or other authority that would authorize the relief he seeks.

Construing the application liberally, it appears that Mr. Sledge may be attempting to assert his claim that the BOP abused its discretion pursuant to 5 U.S.C. § 706(2)(A). Section 706(2)(A), part of the Administrative Procedure Act (APA), provides that a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." However, the APA does not apply to the particular decision that Mr. Sledge is challenging under § 3621(e)(2)(B). *See* 18 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of Title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). Therefore, any claim Mr. Sledge may be asserting pursuant to the APA must be dismissed. Furthermore, because Mr. Sledge fails to identify any statutory or other authority that authorizes the relief he seeks in this action, the action will be dismissed. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed.

DATED at Denver, Colorado, this 25 day of November, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02454-BNB

Oliver Ray Sledge
Reg. No. 24715-086
FCI - Florence
PO Box 6000
Florence, CO 81226-6000

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/25/09

                              GREGORY C. LANGHAM, CLERK

                              By: _____
                                                Deputy Clerk